UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YETI COOLERS, LLC<br><br>                PLAINTIFF,<br><br>v.<br><br>SF ASSOCIATES, INC.,<br><br>                DEFENDANT. | NO. 2:18-MC-00088 RSL<br><br>**STIPULATION AND [PROPOSED] ORDER TO WITHDRAW SF ASSOCIATES, INC.'S MOTION TO COMPEL COSTCO WHOLESALE CORPORATION'S COMPLIANCE WITH SUBPOENA DUCES TECUM AND TO MAINTAIN THE CONFIDENTIALITY OF INFORMATION FILED UNDER SEAL**<br><br>Underlying case pending in the W.D. of Texas: *Case Number 1:17-cv-010170-RP*<br><br>**NOTE ON MOTION CALENDAR:**<br>November 8, 2018 |

**STIPULATION**

The parties stipulate and agree to (1) withdraw SF Associates, Inc.'s pending Motion to Compel Compliance with Costco Wholesale Corporation's Subpoena Duces Tecum (Dkt. 4); and (2) maintain under seal confidential and sensitive information filed in connection with the motion and subject to pending motions to seal (Dkts. 3 & 7).  In support of this joint stipulation, the parties state as follows:

    1.    On September 28, 2017, YETI Coolers, LLC ("YETI") filed a lawsuit against Costco Wholesale Corporation ("Costco") in the United States District Court for the Northern District of Illinois entitled *YETI Coolers, LLC v. Costco Wholesale Corporation* (N.D. Ill.

Case No. 17-CV-7025) (the "Costco Litigation") alleging that Costco was offering for sale and/or selling non-genuine YETI-branded goods (the "Accused Products") that Costco had purchased from SF Associates, Inc. ("SFA");

2. Costco and YETI resolved the Costco Litigation pursuant to a confidential settlement agreement containing certain confidential terms and conditions;

3. On November 10, 2017, YETI filed a lawsuit against SFA in the United States District Court for the Western District of Texas entitled *YETI Coolers, LLC v. SF Associates, Inc.* (W.D. Tex. Case No. 17-CV-01070-RP), alleging claims related to SFA's sale of the Accused Products to Costco (the "Underlying Case");

4. On July 16, 2018, the Court in the Underlying Case entered a protective order (the "Protective Order") pursuant to which the parties may designate documents and information as classified (i.e., confidential) and authorizing documents and information so designated to be filed under seal (*See*, Exh. O to Decl. of Carolyn Isaac in support of Motion to Compel at Dkt. 4);

5. YETI produced to SFA the confidential terms and conditions by which the Costco Litigation was resolved (the "Confidential Information") and designated such information as classified pursuant to the Protective Order and SFA did not challenge YETI's designation of the Confidential Information as classified;

6. On or about August 15, 2018, SFA served Costco with a deposition subpoena and a document subpoena in the Underlying Action (the "Subpoenas");

7. SFA and Costco were unable to agree upon the appropriate scope of the Subpoenas and SFA filed a Motion to Compel Costco's compliance with the Subpoenas (the "Motion to Compel") in this Court on September 6, 2018;

8. The Motion to Compel included references to the Confidential Information which SFA redacted (*see*, Dkt. 4); SFA also filed an unredacted version of the Motion to Compel under seal as authorized by the Protective Order (*see*, Dkt. 1, 2);

9. SFA and Costco resolved their dispute with respect to the scope of the Subpoenas, thereby obviating the need of this Court to rule on SFA's Motion to Compel;

10. Good cause exists for maintaining the confidentiality of the Confidential Information such that SFA's unredacted Motion to Compel (Dkts. 1 & 2) should remain under seal. Specifically, the parties state and declare that:

a. The Confidential Information consists of information relating to the terms and conditions by which the Costco Litigation was resolved, including sensitive financial information;

b. The Confidential Information was designated classified pursuant to the Protective Order and SFA did not challenge that designation;

c. The Court in the Underlying Case expressly authorized SFA to file under seal information designated as classified pursuant to the Protective Order;

d. Costco has a legitimate interest in maintaining the confidentiality of the terms and conditions by which it and YETI resolved the Costco Litigation, including sensitive financial information, and will be harmed should such information be made public and there is no public interest warranting the disclosure of such information;

e. SFA redacted only those few portions of its Motion to Compel (*compare* Dkt. 4 *with* Dkts. 1 & 2) referring to the Confidential Information from the public record. The Confidential Information sought to remain under seal is therefore narrowly tailored and appropriate in scope.

11. In further support of the sealing request, Costco notes that a company's confidential business information is of a sensitive enough nature that it outweighs the *de minimis* public interest in access. *See, e.g., In re Microsoft XBox 360 Scratched Disc Litig.*, 2009 WL 481325, at *1 (W.D. Wash. Feb. 24, 2009) (granting motion to seal because the "materials contain proprietary information that would cause Defendants competitive harm if disclosed" which "overcome[s] the strong presumption of public access to court records").

STIPULATED MOTION TO SEAL SFA'S MOTION TO COMPEL (Dkt. 1) - 3

**EAGLE HARBOR LAW PLLC**
1601 FIFTH AVENUE, SUITE 1100
SEATTLE, WA 98101
(206) 632-4242

1  Here, the Confidential Information redacted from the motion to compel has "little public
2  value beyond the presumption [of access to court files]" and "would primarily be of interest
3  for Defendants' competitors." *Hill v. Xerox Corp.*, 2014 WL 1356212, at *1 (W.D. Wash.
4  Apr. 7, 2014) (finding good cause exists to keep documents sealed when the information
5  harms a defendant's competitive standing); *Edifecs Inc. v. Tibco Software, Inc.*, 2011 WL
6  6066010, at *1 n.1 (W.D. Wash. Nov. 14, 2011) (sealing parties' agreement containing
7  pricing and other confidential information that could cause competitive harm if made public).

9  STIPULATED TO AND JOINTLY SUMITTED this 8th day of November 2018.

| EAGLE HARBOR LAW, PLLC | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| s/ *Christina Haring-Larson* | s/ *John A. Goldmark* |
| Christina Haring-Larson, WSBA #30121 | John A. Goldmark, WSBA #40980 |
| christina@eagleharborlaw.com | johngoldmark@dwt.com |
| 1601 5th Avenue, Suite 1100 | 1201 3rd Avenue, Suite 2200 |
| Seattle, WA 98101 | Seattle, WA 98101 |
| Attorney for SF Associates, Inc. | Tel: (206) 622-3250; Fax (206) 757-7700 |
| | Attorney for Costco Wholesale Corporation |

**ORDER**

Based on the foregoing Stipulation and otherwise being fully advised, the Court finds and rules as follows:

1. SF's Motion to Compel (Dkt. 4) is WITHDRAWN;

2. Good cause exists under LCR 5(g) to maintain under seal the unredacted versions of SFA's Motion to Compel containing certain confidential and sensitive financial information, and therefore, the Clerk is directed to SEAL Dkts. 1 & 2; and

3. This miscellaneous action is now moot and the clerk is directed to dismiss the case.

SO ORDERED this _____ day of November 2018.

_____

The Honorable Robert S. Lasnik

# **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on November 8, 2018, the attached document was presented to the Clerk of Court for filing and uploading to the CM/ECF system. On the date set forth below I served the foregoing document via e-mail to the following persons:

*ATTORNEYS FOR PLAINTIFF*

Michael L. Krashin
Joseph J. Berghammer
John A. Webb
Janice V. Mitrius
Banner & Witcoff, Ltd.
Ten South Wacker Drive #3000
Chicago, IL  60606-7407
mkrashin@bannerwitcoff.com
jberghammer@bannerwitcoff.com
jwebb@bannerwitcoff.com
jmitrius@bannerwitcoff.com

Joseph R. Knight
Ewell Brown Blanke &Knight LLP
111 Congress Avenue, 28th Floor
Austin, TX  78701
jknight@ebbklaw.com

*ATTORNEY FOR DEFENDANT*

Arthur Gollwitzer
Michael Best & Friedrich LLP
2801 Via Fortuna, Suite 300
Austin, TX 78746
agollwitzer@michaelbest.com

DATED this 8th day of November 2018 at Los Angeles, California.

_____